Nos. 3345 and 2225.—A. B. JAMES & Co. *v.* FELLOWES & Co.—JOSEPH HERNANDEZ, Surety, etc.

The voluntary payment of a judgment or a portion thereof, destroys the right of appeal.

If it appear that the judgment appealed from has been declared an absolute nullity by the court *a qua* on account of its having been rendered and signed in vacation, the appeal will be dismissed *ex officio.* 21 An. 306.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley,* J. *P. H. Morgan* and *W. H. Hunt,* for plaintiffs and appellants· ·*Cooley & Phillips* and *C. Bemiss,* for defendants and appellees.

HOWE, J. This cause was remanded to the lower court on the twenty-third January, 1871, to ascertain as matter of fact whether the appellant, Joseph Hernandez, had, prior to taking his appeal, acquiesced in the judgment by paying it in whole or in part.

It now comes back to us with the evidence on this question, and from the testimony there is no doubt that the appellant did voluntarily pay the sum of $7000 on the judgment some time before he took his appeal. The fact that the party for whom he had been surety furnished him the means to make this payment, can not change this conclusion. But his counsel now contend that the judgment appealed from was an absolute nullity, and has been so declared, because it was rendered and signed in vacation, and therefore that acquiescence in it was impossible.

The judgment having been declared an absolute nullity, because rendered and signed in vacation, it becomes our duty to dismiss the appeal therefrom, *ex officio,* on the authority of Culver *v.* Leovy, 21 An. 306.

We have two records before us in this matter; the one No. 2225, in which J. Hernandez is appellant from the judgment on which the payment was made; the other No. 3345, in which the plaintiffs, as

appellants from the later decision of the judge *a quo* upon the question of payment, bring up the testimony on that point.

In the case No. 3345, it is ordered that the judgment appealed from by plaintiffs be avoided and annulled; and in case No. 2225, it is ordered that the appeal taken by Joseph Hernandez be dismissed; and it is further ordered that he pay the costs of both appeals.